At this time, we'll hear United States v. Vasquez. Good morning, your honors. My name is Daniel Parker, and I represent Richard Vasquez, the appellant in this case. We are here on a denial of appellant's motion to be resentenced under 18 U.S.C. 3582, and the amendment of 782 to the sentencing guidelines following Congress's 2014 adjustment of the crack cocaine guidelines. And that amendment would have effectively reduced Mr. Vasquez's guidelines from a range of 87 to 108 months, to 70 to 87 months at level 29. And that would have been a very limited reduction, which was in fact Congress's intent. The district court's abuse of discretion in this case has left a result that is fundamentally unfair. This case involves a young man who committed crimes when he was extremely young, who had no prior record, who pleaded guilty, accepted responsibility. And he was sentenced to the very upper end of the guideline range, which the government agreed was the appropriate guideline range at the time of the sentence. Mr. Vasquez has been able- You're not suggesting that the district court was wrong in relying on the state information. The other relevant conduct, the violent crimes? No, I'm not suggesting the district court was wrong in sentencing him originally at the upper end of the guideline range, relying on that one factor. But what I am saying is that that factor doesn't get to keep permeating and the district court's decision not to apply the reduction in the crack sentencing guidelines here. And it's an abuse of discretion, and the district court relies on that solely at the expense of all the other factors. Which include that Mr. Vasquez has been a model prisoner, he got his GED while incarcerated, he's engaged in substantial rehabilitative efforts, none of which, by the way, is disputed by the government. There are multiple reasons- What is the abuse of discretion? Normally that's either an error of law or a clearly erroneous finding of fact. Right, and so there are four reasons in answer to your Honor's question. One is the district court misapplied the law in that what the court said was that, and I quote, this is at page 123 of the appendix in his Honor's decision, that the crack guidelines change had nothing to do with the relevant conduct other than the crack offenses. And this is actually a classic case of the tail wagging the dog. And simply put, it was the crack offense which drove the guidelines. And Mr. Vasquez, when he was sentenced originally, got two additional points for, quote, the violent conduct that Justice Pooler asked about. And that conduct was conduct that was considered by the district court. But in resentencing him, the judge ignored all of the other 3553A factors that he is to consider. And again, relied on that, saying erroneously that it was just the violent conduct which drove the guidelines. When in fact, Mr. Vasquez pled guilty to a crack cocaine conspiracy. That was the gravamen of the offense. As I've said, in ignoring those 3553 other factors, he said, as both of your honors have suggested this morning, that what drove the sentence at the high end of the guidelines originally was, quote, the violent conduct. But again, that conduct was considered, and now Congress comes in and says you should reconsider the gravamen of the offense, the crack guidelines. They should be lower, and Judge Kaplan chose not to do that. I would bring to this court's attention, there are two other factors that I submit cause and abuse of discretion. And one is, is that in the decision denying this motion, the district court relied upon evidence outside of the record. Specifically, in his decision, again, at page 123, the district court relied on testimony at the trial of a co-defendant named Mr. Diallo. And the court referenced not only Mr. Diallo's trial testimony, which of course Mr. Vasquez was not present at, didn't have an opportunity to hear, cross examine, etc. But the district court also references Mr. Diallo's pre-sentence report. And we've never seen, because it's confidential, Mr. Diallo's pre-sentence report, have the ability to evaluate any of the truth of the allegations with respect to Mr. Vasquez as contained in Mr. Diallo's report. And so, by relying on that in his decision, I submit to you the district court abused its discretion by going outside of Mr. Vasquez's record. I would note, by the way, that- In imposing the original sentence, could the court have considered matters outside of the record in your client's case? I don't believe so. I think that fundamental fairness compels the court to rely upon factors that all parties are privy to and have an opportunity to address. And I would note, by the way, that Judge Kaplan, in denying this motion, denied it sua sponte, without a response from the government at all, it was denied immediately. And for all we know, the government may have actually agreed to this application, had it been given an opportunity to do so, of course, prior to the district court's denial of the motion. And we recognize that. I would note that in the notion that we've gone sort of outside of the record here, that Mr. Diallo, who went to trial, didn't plead guilty, didn't accept responsibility, and received a very harsh sentence after the briefs were filed in this case, was applied for a crack reduction in sentence. And the government consented, and the court imposed a minor reduction to a very harsh sentence that Mr. Diallo had received. How ironic, I submit, that the government consented and the court, in fact, reduced it. The last factor I bring to this court's attention, as your honors are aware, is that Mr. Vasquez is doing an additional period of time, number of years. He was sentenced in state court to concurrent time by a then state, now federal judge, Judge Donnelly. And as a result of that, he was promised concurrent time. He didn't get concurrent time because of the way the Bureau of Prisons calculates prison time. I'm not suggesting they calculated it incorrectly. I'm saying that inherently, it's fundamentally unfair when someone's told you're going to serve this sentence at the same time you're serving your federal sentence. And it turns out he has to do three and a half additional years as a result. And that's a factor, a significant factor, that the district court should have considered in saying, you know what, in evaluating these 3553A factors, you were promised a sentence concurrent. You're serving three and a half years. Now, it's debatable whether it's in fact an additional three and a half years or an additional two years, because Judge Kaplan says, Judge Kaplan says in his decision, look, I'm not sure that at least a year and a half of that would have been concurrent. But then he also says, but I don't want to give him a free ride. And those two statements are inconsistent, because in fact, he wouldn't have gotten a free ride. In other words, a year and a half he was in state custody, that would have been additional time he would have had to serve. But in denying the motion, one of Judge Kaplan's reasons was this would have been a free ride, when in fact that's also a misstatement of the law, or of the evidence, excuse me, not the law. The state and federal offenses were related. It is, I cannot represent that they're related. It's not determined. It's undetermined. But what's known is, is that this- Amidst two unrelated offenses, it doesn't seem that we should cry in our soup about somebody serving two sentences. I'm not suggesting you should cry in your soup about that. I'm suggesting that when the state court judge evaluated that case, and Mr. Vasquez gave up his rights and chose to plead guilty, and was told, promised it was going to be concurrent, okay? And as a result of that, relied upon that, and now it turns out to be consecutive, that someone should say that's not fundamentally fair, and that's one factor. I'm not saying exclusively. I mean, you have to look at it in the context of who this young man was. He was a kid in his 20s. He's made remarkable progress, model prisoner, etc. So the result here is that it's fundamentally unfair, given what has transpired. And by the way, the state court crime that Your Honor doesn't want to cry in your soup about, those factors were known to Judge Kaplan at the time of the original sentencing. They were in the pre-sentence report. Everybody knew about them. And I'm sure- The judge said he didn't rely on them because that sentence hadn't been imposed yet. He said that, but the record shows otherwise. And just because a judge says one thing, the record in this case demonstrates other things. So it is for the reasons that Judge Kaplan factored in things outside of the record. He relied upon violent behavior, which he originally considered. He ignored Congress' intent to reduce the crack conspiracy guidelines, which in fact drove the sentence in this case, which he said did not drive the sentence in this case, but that's not accurate. And he ignored the Sentencing Commission's efforts to adjust overly harsh crack guidelines. And for those reasons, I respectfully submit that in this case, the district court abused its discretion. And the court is familiar with its own jurisprudence in here. The other cases, the Borden, Hughes, and Figueroa cases, all of which are significantly different factually. They talk about people with long criminal histories, repeated recidivism over decades of crime. And in those cases, this court has said that's not an abuse of discretion to deny it. But that's not this case. This is a young man whose, this was his first offense. And he comes back, and Judge Kaplan summarily denied it without seeking input from the government. So for those reasons, I respectfully submit he abused his discretion. Thank you. Did you seek the government's consent? I didn't seek the government's consent because I don't think it's necessarily a normal procedure to file a motion and ask the government's consent in this case. But in hindsight, I probably should have first, and perhaps the government would have consented. Good morning, your honors, and may it please the court. Michael Ferrara for the government. I represented the government as well below, though I was not the AUSA president at the sentencing. Would the government have agreed to this reduction based on the amendment? No, your honor, for a few reasons. First, the defendant benefited from certain changes in the law shortly before his sentencing. When the plea agreement was originally contemplated and drafted in this case, it called for a guideline range of 120 to 121 months. That was with a mandatory minimum, 120 months. Before sentencing, but after the drafting of that document, the FSA came into effect and the Attorney General told us that we were taking the position the FSA would apply. So at that point, the mandatory minimum dropped to 60. And as well, we realized that our criminal history calculation was incorrect in that one of the prior crimes was in fact relevant conduct and therefore did not count against criminal history. So in the first instance, we believed that the new guidelines, while correct, were not just given section 3553A. And that's why we advocated for a sentencing of 120 months. After that, the defendant was convicted of five state offenses. And your honor, I asked about this, asked Mr. Parker about this, and I think he answered a different question. That was an entirely independent ground upon which Judge Kaplan could have denied and did deny this 35A. Opposing counsel just answered a question of mine and said that he did know about the other state offenses and relied on them in this sentence. I don't know where that is in the record, your honor. I think that's belied by Judge Kaplan's written opinion. Those were not convictions. Had they been convictions at the time, had the defendant been sentenced at the time, his criminal history category likely would have been higher. So it inured to his benefit that he was not sentenced on those state crimes prior to imposition of sentence in this case. But the judge knew about them. He certainly knew there were pending state crimes. That must be true, your honor. But your honor, that is not the only time, and I'd like to correct at least one other thing that Mr. Parker said and in fact briefed. Which is, there was ample opportunity for the defense to challenge that shooting as to Mr. Vasquez. It was in the PSR. It was not objected to. There was a paragraph in the PSR that described the shooting and held Mr. Vasquez accountable for it. That paragraph was not objected to. Mr. Parker did object to the two point enhancement for the use of violence. But when asked by Judge Kaplan directly, were there any other issues? And when, in fact, the government brought up the shooting, did not object to that in the PSR. There was an opportunity, could have asked for a Fatico. There were other remedies available to him that were not taken. In any event, this is not the forum to re-litigate whether those findings were proper, etc. The question here is, did Judge Kaplan properly exercise his discretion? He did. He relied on facts within the record. There was no error in the law, and he had two independent bases. The violence that occurred in connection with this conspiracy, as well as the post-sentencing convictions. Unless there are other questions, we'll rest on our brief. Thank you. Thank you. We'll hear rebuttal. Very briefly, the re-litigation is actually occurring on behalf of the government here this morning. Because the government admits, and admitted at the time of the original sentence, that the correct guideline range was 87 to 108. And now the government is coming in and saying, well, we really kind of wanted more. But they stipulated, and it's in the record at page A76, in which they said, that is in fact the correct guideline range. And the government also admitted at the time of the original sentencing, it's in the minutes, that in fact, that the government, in negotiating the plea with the defense, considered the, quote, violent conduct. So again, everybody knew about it, it was considered by the parties. And now we come back, and Judge Kaplan just says, that piece, that end piece, that's the colloquial tail wagging the dog. So again, I submit that there was an abuse of discretion by not taking Congress's intent, looking at the underlying offense, a narcotics conspiracy, reducing the narcotics guidelines, still adding the two points for the, quote, violent behavior, okay? No one is saying that shouldn't have been added. That's how you get to the guideline range. But it would have been reduced guideline range, and that's where we would be. I have one question. Are you suggesting that the district court could not rely on evidence from another trial over which he presided? And if so, do you have any case law to suggest that? I'm suggesting that in relying on that in his decision, the district court certainly relied, as he said in his opinion, on something that no one from this side of the table has ever seen. And that included the pre-sentence report of Mr. Diallo, because that's a confidential document. And so that by itself is outside of the record, and it's not something that we could ever be privy to or challenge. Thank you. Thank you. Thank you both. We'll reserve decision.